UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JEAN EXANTUS,                    )
                                 )
            Petitioner           )
                                 )        Civil Action No.
       v.                        )        05cv10700-DPW
                                 )
DEPARTMENT OF HOMELAND SECURITY,)
                                 )
            Respondent[1]        )
```

<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>

**SUMMARY STATEMENT**

To the extent the petition may be read as seeking review of a final order of removal, the petitioner has procedurally defaulted by failure to pursue statutorily prescribed direct judicial review of his removal order at the First Circuit Court of Appeals. <u>Rivera-Martinez v. Ashcroft</u>, 389 F.3d 207, 209 (1st Cir. 2004)( holding that an alien who "could have, but did not press [his claim] on statutory direct review" at the Circuit Court of Appeals, had "procedurally defaulted" on his claim so as to make habeas corpus review of that same claim unavailable).

Because under <u>Rivera</u> petitioner has procedurally defaulted any claim for judicial review of his removal order, respondent moves for dismissal of this action and the Court should also deny any stay request.

---

[1] <u>See</u> 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

Even if petitioner had not defaulted, his two-page "motion for habeas corpus" says no more than that petitioner was denied asylum and that his counsel "asserts to this Honorable Court that there is a good faith basis for this motion . . ." Petition, p.2. The Court's docket does not indicate that any supporting memorandum of law, promised to be submitted by May 8, 2005, see Petition, p.1, has been filed. Accordingly, even if petitioner's "claim" were not procedurally defaulted, petitioner has failed to state any claim upon which relief may be granted. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) (federal courts retain subject matter jurisdiction over habeas petitions brought by aliens facing removal "to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.").

## FACTS AND BACKGROUND

Petitioner is a native and citizen of Haiti who entered the United States without being admitted or paroled on or about December 31, 2001. Removal proceedings were initiated against petitioner charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated.

The petitioner's removal hearing was held before an

2

Immigration Judge in Boston, Massachusetts, and by decision dated September 18, 2003, the Immigration Judge found petitioner removable as charged, denied his relief applications, and ordered petitioner removed to Haiti.

Petitioner appealed the removal orders to the Board of Immigration Appeals ("BIA"), which dismissed the appeal by decision dated March 8, 2005. See Attachment A.

However, petitioner failed to seek direct judicial review of the March 8, 2005, BIA order at the First Circuit Court of Appeals as prescribed by statute, although he could have. See 8 U.S.C. §§ 1252(b)(1) (directing that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal"), and 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

Because petitioner has failed to pursue the statutorily prescribed direct judicial review of the BIA's March 8, 2005, removal order, petitioner has procedurally defaulted on the instant claim and therefore habeas corpus review of that claim is unavailable.

**ARGUMENT**

I.    PETITIONER'S CLAIMS ARE PROCEDURALLY DEFAULTED BY HIS
      FAILURE TO SEEK DIRECT REVIEW OF THE BIA'S MARCH 8,
      2005, REMOVAL ORDER.

In Rivera-Martinez v. Ashcroft, 389 F.3d 207 (1st Cir. 2004), the First Circuit affirmed on procedural default grounds a district court's dismissal of a habeas petition seeking to challenge a removal order.  Like the instant petitioner, the alien habeas petitioner in Rivera-Martinez was not statutorily barred from seeking the prescribed direct view of his final order of removal at the circuit court of appeals, but nonetheless had abandoned that avenue and instead attempted to seek review of his removal order in habeas corpus proceedings before the district court.

Judge Woodlock in the district court below in Rivera-Martinez dismissed the petition on the basis that petitioner was required to have availed himself of the statutorily prescribed direct review at the circuit court by filing a petition for review there within 30 days of the date of entry of his final order of removal.  See 8 U.S.C. §§ 1252(b)(1) (directing that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal"), and 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

Judge Woodlock reasoned that "because there exists a specific statutory review process for such claims, there is no basis to invoke habeas corpus jurisdiction to provide a duplicative review process or vary that which Congress has provided", and that the petitioner "may not escape the limitations period Congress has established for the route to judicial review by seeking to develop in a leisurely manner an alternative path that Congress has not authorized." Rivera-Martinez v. Ashcroft, 389 F.3d at 208-9, quoting district court's Memorandum and Order dated April 30, 2003, Rivera-Martinez v. Ashcroft, No. 03cv10268-DPW (D. Mass. 2003).

The First Circuit in Rivera-Martinez affirmed the district court habeas dismissal, holding that an alien who "could have, but did not press [his claim] on statutory direct review" at the Circuit Court of Appeals, had "procedurally defaulted" on his claim so as to make habeas corpus review of that same claim unavailable.  Rivera-Martinez v. Ashcroft, 389 F.3d at 209.

The circuit court's Rivera-Martinez decision declared that because the petitioner had filed a petition for writ of habeas corpus instead of filing a petition for statutorily prescribed direct review at the circuit court, "this is a straightforward case of a petitioner attempting to use habeas to resurrect a claim that could have been and should have been presented on direct review."  Id. at 210.

The First Circuit noted that it had "previously recognized that principles of procedural default apply in the immigration law context", citing <u>Foroglou v. Reno</u>, 241 F.3d 111, 115 (1st Cir. 2001), and <u>Mattis v. Reno, et al.</u>, 212 F.3d 31, 41 (1st Cir. 2000), <u>abrogated on other grounds</u>, 533 U.S. 289 (2001), and that "we see no reason to doubt the correctness of the district court's decision to apply those principles to reject Rivera's petition." <u>Rivera-Martinez v. Ashcroft</u>, 389 F.3d at 210. Accordingly, the First Circuit affirmed the district court's dismissal of the habeas corpus petition on a procedural default analysis.

Respondent submits that <u>Rivera-Martinez v. Ashcroft</u>, <u>supra</u>, is controlling in the instant case. Because petitioner could have and should have but did not seek the statutorily prescribed direct review of the March 8, 2005, BIA order at the First Circuit, petitioner has procedurally defaulted on such review and habeas corpus review of his claims is therefore unavailable.

Accordingly, the Court should dismiss the action as procedurally defaulted under <u>Rivera-Martinez</u>, <u>supra</u>.

II. BECAUSE HABEAS CORPUS REVIEW IS UNAVAILABLE, THERE IS NO LIKELIHOOD OF SUCCESS ON THE MERITS AND THE COURT SHOULD DENY THE STAY REQUEST.

In the instant case habeas review of petitioner's claims is unavailable because First Circuit has held that an alien who "could have, but did not press [his claim] on statutory direct

review" at the Circuit Court of Appeals, has "procedurally defaulted" on his claim so as to make habeas corpus review of that same claim unavailable, <u>Rivera-Martinez v. Ashcroft</u>, <u>supra</u>, at 210, and so the Court should deny the stay request.

Because habeas corpus is unavailable as a result of petitioner's procedural default, there is no likelihood of success on the merits. <u>See</u> <u>Arevalo v. Ashcroft</u>, 344 F.3d 1, 9 (1st Cir. 2003)("in sum, we hold that the applicable standard for evaluating requests for stays pending review of final orders of removal is the four-part algorithm used for preliminary injunctions"); <u>Lancor v. Lebanon Hous. Auth.</u>, 760 F.2d 361, 362 (1st Cir. 1985) ("[o]f these four factors, the probability-of-success component in the past has been regarded by us as critical in determining the propriety of  injunctive relief"); <u>Weaver v. Henderson</u>, 984 F.2d 11, 12 (1st Cir. 1993)(the "sine qua non" of the preliminary injunction test is whether the movant is likely to succeed on the merits).

Accordingly, the motion for stay and all relief should be denied and the petition should be dismissed.

CONCLUSION

Because petitioner failed to avail himself of the prescribed direct judicial review of his removal order, habeas corpus review is unavailable to him, <u>Rivera-Martinez v. Ashcroft</u>, <u>supra</u>, and the Court should deny the stay request, dismiss the petition, and deny all other relief.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused true copy of the above document
to be served upon counsel for petitioner by mail on May 9,
2005.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

ATTACHMENT A



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Cooper, Mark D., Esquire
15 Court Square
6th Floor
Boston, MA 02108-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: EXTANTUS, JEAN MANOR                    A78-746-929

Date of this notice: 03/08/2005

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Chief Clerk

Enclosure

Panel Members:
    HESS, FRED

**U.S. Department of Justice**                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:    A78 746 929 - Boston                         Date:

In re:    JN MANOR EXTANTUS a.k.a. Jean Manor Extantus          MAR - 8 2005

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Mark D. Cooper, Esquire

ORDER:

    PER CURIAM.  We adopt and affirm the decision of the Immigration Judge, which found the respondent removable; denied him asylum and withholding of removal under the Immigration and Nationality Act; denied him relief under the United Nations Convention Against Torture ("CAT"); and ordered him removed from the United States to Haiti.  *See Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those which the Immigration Judge articulated in his or her decision").  We agree that the respondent failed to meet the burdens of proof on his claims of persecution and torture, even assuming that he testified credibly.

    On appeal, the respondent argues that his removal proceedings were unfair.  We find that the respondent has not demonstrated any error by the Immigration Judge in providing interpreting services, in evaluating the evidence, in applying legal standards, or otherwise in conducting his hearings.  We also find that the respondent has not demonstrated any resultant prejudice such as would constitute a due process violation.  *See Vides-Vides v. INS*, 783 F.2d 1463, 1469-70 (9th Cir. 1986); *Nicholas v. INS*, 590 F.2d 802, 809-10 (9th Cir. 1979); *Martin-Mendoza v. INS*, 499 F.2d 918, 922 (9th Cir. 1974), *cert. denied*, 419 U.S. 1113 (1975).

    Accordingly, the appeal is dismissed.

                         _Frederick D. Hess_
                         FOR THE BOARD