UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JEAN EXANTUS,         )
    Petitioner        )
                         )
V.                         )          CIVIL ACTION #
                         )          05CV10700DPW
DEPARTMENT OF        )
HOMELAND SECURITY,   )
    Respondent        )

PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS
Now comes Jean Exantus, petitioner in the above-captioned matter, and opposes respondent's motion to dismiss, requesting that this Honorable Court deny same.

A reading of respondent's memorandum in support of its motion leads one to believe that petitioner to file the relief he is seeking, that is, a stay of removal, must only file with the United States Court of Appeals and must do so within thirty (30) days. In support of its argument, respondent is relying on RIVERA-MARTINEZ v. ASHCROFT, 389 F. 3d 207 (1st Cir. 2004).

However, RIVERA (as the previously cited case shall heretofore be known as) does not, based on petitioner's reading of same, impose the requirement respondent relies on. Furthermore, the facts of RIVERA are radically different from this case. in RIVERA, as the court knows, an individual convicted of rape waited eight months to file and petition after the BIA denied his appeal. This court, contrary to the assertions of respondent, did not dismiss RIVERA because he filed in District Court rather than the First Circuit Court of Appeals. They dismissed his case because he waited eight months to file. In fact, part of Judge Woodlock's ruling in RIVERA was as follows: "Had the instant petition been filed in this court in a timely manner, I would be inclined to treat the case as a petition for judicial review under Section 1252 and transfer the case to the Court of Appeals." Using RIVERA as a guide, petitioner Exantus' case should simply be transferred to the Court of Appeals, not dismissed altogether, as respondent argues. The last paragraph of the published decision in RIVERA is instructive. It states, in part, as follows: "In his brief, Rivera presents only two arguments other than those directed at the merits of his nationality claim: that neither 8 U.S.C. Section 1252(b) (5) stripped the district court of habeas jurisdiction over his nationality claim, notwithstanding that the claim could have been advanced in a petition for review of the BIA's judgment. RIVERA's statutory arguments….may or may not be correct, but Rivera has put the cart before the horse. The district court did not base its dismissal on a conclusion that either of these statues stripped it of jurisdiction to entertain Rivera's petition…." RIVERA, supra, at 209 (last paragraph). In other words, according to a per curiam holding in the First Circuit Court of Appeals, the United States District Court did not dismiss Rivera-Martinez' petition

because he filed it in the wrong court, as respondent is asserting. His petition was dismissed because he waited eight months to file it. In the instant case, we have a timely filing which Judge Woodlock has already gone on record as saying should be treated as a petition for judicial review under Section 1252, based on the very RIVERA holding respondent relies on.

The real issue before this court is not whether or not petitioner Exantus' petition is procedurally flawed, because it is not. The real issue before this court is whether or not petitioner Exantus has satisfied the test stated in AREVALO v. ASHCROFT, 344 F. 3d 1(1st Cir. 2003). That test looks at the likelihood of success of petitioner's claim and whether or not a stay of removal would be a detriment to society and the harm that would accrue to petitioner if the stay is not granted. We assert that petitioner Exantus has satisfied the test enunciated in AREVALO, supra. He has a valid asylum claim based on the likelihood of being tortured if he is returned to Haiti. He was a prominent businessman in Haiti who owned a bicycle shop. Pro-Aristide activists would regularly urge him to attend political meetings. He would decline these invitations because he was not interested in politics. After declining a couple of invitations, five or six pro-Aristide activists went to his home and physically beat him, forcing him to move to Port-au-Prince. He is a law abiding individual who does not present a danger to anyone. He satisfactorily meets all of the criteria enunciated in the prongs of AREVALO, supra. In this very court, this firm previously initiated another Section 2241 petition in the Matter of Vidalia Rodrigues. That petition was denied by Judge Woodlock but on appeal to the First Circuit Court of Appeals a stay was granted due to Ms. Rodrigues satisfying the AREVALO test (It should be mentioned that, in that case, Ms. Rodrigues decided, on her own, to voluntary return to her homeland of Portugal despite the fact that the stay was granted). In Rodrigues, the AREVALO arguments were not as strong due to that petitioner's criminal record involving drugs and prostitution. Certainly, if a stay was granted in the Rodrigues matter which, incidentally, was initially filed in the United States District Court then, clearly, a law abiding individual such as Jean Exantus is acting reasonably, in good faith and, based on precedent, is following the proper procedural path in this case.

For all of these reasons, petitioner asks that respondent's motion to dismiss be denied and requests that his motion to stay removal from the United States be granted.

JEAN EXANTUS,
By his attorney,

John Himmelstein
929 Massachusetts Avenue
Suite 01
Cambridge, MA 02139
(617) 868-2533
BBO# 547275

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that he has provided notice of the attached documents to opposing counsel by mailing copies of same, postage prepaid, to Frank Crowley, Esquire, P.O. Box 8728, JFK Station, Boston, MA 02114 on _____JUNE 2_____, 2005.

_____
JOHN HIMMELSTEIN, ESQ.